**FILED**

OCT 3 0 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LAURA JAMES and CHARLES JAMES

NO. CIV. S-01-0300 WBS JFM

        Plaintiffs,

    v.                          MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,

        Defendant.

----oo0oo----

        On December 10, 2001, defendant United States of America moved to dismiss this action on the ground that plaintiffs failed to present a timely administrative claim under the Federal Tort Claims Act ("FTCA").  On December 14, 2001, this court granted the motion to dismiss and entered judgment in favor of defendant. (See December 14, 2001 Order).  Plaintiffs now move for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) subparts (1) and (6).

I.  Factual and Procedural Background

        In June of 1999, plaintiffs Laura and Charles James filed a complaint in state court against Dr. Dwayne Vanderberg and the Lindhurst Family Clinic alleging that Laura lost her

1

35

1  eyesight as a consequence of Dr. Vanderberg's negligence.
2  Shortly thereafter, the United States Attorney sent a letter to
3  plaintiffs' attorney at the time, Glenn Olives, notifying him
4  that the Clinic was federally funded and that plaintiffs' suit
5  was proper only against the United States. (First Req. Adm. No.
6  2, Ex. A.)  The United States Attorney suggested that plaintiffs
7  substitute the United States as a defendant, dismiss the state
8  claim, and file an administrative claim with the appropriate
9  federal agency.  (Id.)  The letter reminded Olives of plaintiffs'
10 obligation to exhaust their administrative remedies under the
11 FTCA, and called his attention to the sixty day statute of
12 limitations for filing an administrative claim upon the
13 substitution of the United States, removal, and dismissal of the
14 suit. (Id.)  Appended to the letter were relevant cases and
15 statues.  (Id.)

16       Olives substituted the United States as a party
17 defendant and voluntarily dismissed the case from state court on
18 May 18, 2000.  (First Req. Adm. No. 5, Ex. B).  Seventy-nine days
19 later, on August 5, 2000, he submitted a claims form on behalf of
20 plaintiffs to the Department of Health and Human Services
21 ("DHHS").  (First Req. Adm. No. 5, Ex. C.)  After more than six
22 months had passed without any response from the DHHS, plaintiffs
23 filed suit in federal court.  (See Compl., filed February 14,
24 2001).

25       On December 10, 2001, defendant moved to dismiss the
26 federal suit for failure to comply strictly with the requirements
27 of the FTCA.  Olives did not file an opposition to the motion,
28 and therefore was not entitled to be heard at oral argument

2

1  pursuant to Local Rule 78-230(c).  The court took the matter
2  under submission, and after giving due consideration to the
3  merits, granted the motion to dismiss.  (See December 14, 2001
4  Order.)   The court found that under 28 U.S.C. § 2679(d)(5),
5  plaintiffs were required to file their administrative claim
6  within sixty days of the dismissal of their state case, and that
7  plaintiffs had missed that deadline by nineteen days.  (Id.)  The
8  court also found that on the record before it no exception to the
9  statute of limitations was suggested.  (Id.)  Accordingly, the
10 court granted defendant's motion to dismiss. (Id.)

11         After the dismissal of the action, the following facts
12 came to light.  In addition to failing to oppose the motion to
13 dismiss and missing the administrative filing deadline, Olives
14 failed to respond to defendant's requests for admissions,
15 presumptively causing the facts recited therein to be deemed
16 admitted.  (Def's Mot. Dismiss, at 2 n. 1); Fed. R. Civ. Proc.
17 36(a).  Olives never told plaintiffs about any deadlines, and
18 assured them all along that their case was proceeding as planned,
19 even after he had missed the sixty day deadline to file an
20 administrative claim.  (James Decl. ¶¶ 11-13.)  Olives never
21 informed plaintiffs that their case had been dismissed.  (Id. ¶¶
22 14-15.)

23         In February of this year, Olives was reported missing
24 from the state, and his whereabouts are still unknown.  (Kamanski
25 Decl. Ex. A.)  In March, the State Bar filed a petition to take
26 over Olives' practice after determining that he had abandoned
27 nearly eighty clients, including plaintiffs.  (Id.)  According to
28 the materials submitted by the State Bar, before Olives left the

                                   3

1 state he was suffering from clinical depression and refused to
2 take his medication. (Id.) Olives apparently has no malpractice
3 insurance and has few assets. (Id. ¶ 8.)

4 II. Discussion

5    Federal Rule of Civil Procedure 60(b) permits a
6 judgment to be vacated upon a showing of certain enumerated
7 conditions, including "mistake, inadvertence, surprise, or
8 excusable neglect." Fed. R. Civ. Proc. 60(b)(1). In addition,
9 Rule 60(b) contains a catch-all provision, which applies when
10 there is "any other reason justifying relief from the from the
11 operation of judgement." Id. 60(b)(6). Supplementing the reason
12 for relief, the moving party must ordinarily assert a meritorious
13 claim or defense. See Falk v. Allen, 739 F.2d 461, 463 (9th Cir.
14 1984).[1] Plaintiffs claim that the errors of their former
15 attorney justify relief under Rule 60(b)(6), or alternatively,
16 constitute "surprise" under Rule 60(b)(1). Plaintiffs further
17 contend that their claim is meritorious and would have survived
18 the motion to dismiss had it been opposed.

19   A. Rule 60(b)(6)

20    Rule 60(b)(6) empowers the district court to vacate
21 orders in "extraordinary circumstances" where the movant is able
22 to show "both injury and circumstances beyond his control that
23 prevented him from proceeding with the prosecution or defense of
24 the action in a proper fashion." Community Dental Serv's v.
25 Tani, 282 F.3d 1164, 1167 (9th Cir. 2002).

26

27    [1] A Rule 60(b) movant must also bring his motion for
 relief from judgment "within a reasonable time." Fed. R. Civ.
28 Proc. 60(b). Defendant does not dispute that plaintiffs' motion
 is timely.

1          In Community Dental Services v. Tani, the Ninth Circuit
2   held that although ordinary negligence by a party's attorney is
3   not the kind of "extraordinary circumstance" that warrants Rule
4   60(b) relief, "gross negligence" is.  Id., at 1170.  Apparently
5   untroubled about requiring courts to draw factual distinctions
6   between what is "gross" and what is "ordinary" negligence, the
7   Ninth Circuit dismissed concerns that "every client will simply
8   argue that his counsel was 'grossly negligent'" as "more
9   imaginary than real."  Id.  The lower courts should have no
10  difficulty in determining whether conduct is grossly negligent,
11  the Ninth Circuit reasoned, because in criminal cases they are
12  "often called upon to distinguish between run-of-the mill errors
13  of an attorney and errors so egregious that they necessitate the
14  reversal of a criminal conviction," and in civil cases "gross
15  negligence" is "a term with which courts are familiar and which
16  we are compelled to apply with some regularity."  Id.

17          While "gross negligence" is a term that district courts
18  frequently use, the degree of negligence in civil cases has,
19  until now, always been a question of fact for the jury to decide.
20  See Chemical Bank v. Security Pac. Nat'l Bank, 20 F.3d 375, 378
21  (9th Cir. 1994)("What is 'gross' [negligence] in the particular
22  case is a matter of fact that must be left to the determination
23  of the reasonable persons making up the trier of fact").  Despite
24  the pronouncements of the Ninth Circuit to the contrary, judges
25  are ill equipped to determine as a matter of law whether an
26  attorney's conduct qualifies as "gross" as opposed to "ordinary"
27  negligence.  To make matters worse, the Ninth Circuit has not
28  articulated any factors that the court should consider in

1  attempting to make this determination.  It is thus not without
2  some reservation that the court proceeds with the analysis.

3        Plaintiffs contend that Olives was grossly negligent in
4  failing to respond to requests for admissions, missing the
5  administrative filing deadline by nineteen days despite a letter
6  from the United States Attorney noting the deadline, failing to
7  oppose the government's motion to dismiss, misrepresenting to
8  plaintiffs that the case was proceeding smoothly even though he
9  had missed deadlines and a motion to dismiss had been filed, and
10 failing to take his medication for clinical depression.

11       In Community Dental, the Ninth Circuit found gross
12 negligence on similar facts and relieved the defendant from a
13 default judgment entered against him.  The defendant's attorney
14 had ignored repeated requests from the plaintiff's attorney, had
15 failed to engage in settlement discussions despite a court order,
16 had failed to attend various hearings, and did not oppose the
17 plaintiff's motion to strike the defendant's answer.  In
18 addition, the attorney represented to the defendant that the case
19 was proceeding properly even though he had failed numerous times
20 to provide his client with adequate representation.  The Ninth
21 Circuit found that the attorney had "virtually abandoned" his
22 client, and had "deliberately [misled] him," thereby "depriving
23 him of the opportunity to preserve his rights."  Id.  The Ninth
24 Circuit also found it significant that a malpractice action would
25 not adequately redress the harm caused by the attorney's actions.

26       The circumstances of this case are analogous.  Like the
27 attorney in Community Dental, Olives made numerous errors while
28 handling plaintiff's case, and assured plaintiffs that everything

                                  6

1 was proceeding as planned even though he had missed the
2 administrative filing deadline and was facing a motion to dismiss
3 which he never opposed. In addition, as in Community Dental, a
4 malpractice action is clearly an inadequate remedy in this case
5 because Olives is nowhere to be found and apparently has no
6 malpractice insurance or assets to his name. Although Olives did
7 not physically leave the state until after the motion to dismiss
8 was granted, he stopped providing representation to his clients
9 before that. Never mind that we do not know why Olives did or
10 failed to do what he did, if the attorney in Community Dental was
11 so grossly negligent as to have "virtually abandoned" his client,
12 then so was Olives.[2]

13      B.   Merits of the Motion to Dismiss

14           Although Olives may have been grossly negligent in
15 failing to oppose the motion to dismiss and in handling the case
16 in general, the inquiry under Rule 60(b) does not end there. The
17 court is not obligated to vacate the judgment against plaintiffs
18 if doing so would be an "empty exercise." James Wm. Moore, 12
19 Moore's Fed. Practice § 60.21[1] (3d. ed. 2002)(quoting Local 59
20 v. Superline Transp. Co., 953 F.3d 17, 20 (1st Cir. 1992));
21 see TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th
22 Cir. 2001)(holding that before granting relief from judgment, a
23 factor to consider is whether the party has a meritorious claim
24 or defense). In this case, the court finds that defendant has

25

26      [2]   Because the court finds that Olives was grossly
27 negligent, the court does not reach the question under Rule
60(b)(1) of whether Olives' conduct "surprised" plaintiffs.
28 Community Dental suggests that attorney negligence is properly
analyzed under Rule 60(b)(6).

7

1  waived its only valid statute of limitations defense, and that
2  therefore plaintiffs' claim is not without merit and should not
3  have been dismissed.

4          In its Amended Answer, defendant raised an affirmative
5  defense under 28 U.S.C. § 2679(d)(5), alleging that plaintiffs
6  failed to file an administrative claim within sixty days of the
7  dismissal of the state court action.  The court on section
8  2679(d)(5) in dismissing plaintiffs' claim.  On closer review,
9  however, it is apparent that section 2679(d)(5) has no
10 application to plaintiffs' claim.

11         Section 2679(d)(5) provides, in pertinent part:

12     Whenever an action or proceeding in which the United States
       is substituted as a party defendant under this subsection is
13     dismissed for failure first to present a claim pursuant to
       section 2675(a) of this title, such a claim shall be deemed
14     timely presented if (A) the claim would have been timely had
       it been filed on the date the underlying civil action was
15     commenced, and (B) the claim is presented to the appropriate
       federal agency within 60 days after dismissal of the civil
16     action.

17 28 U.S.C. § 2679(d)(5)(emphasis added).  Thus, section 2679(d)(5)
18 does not apply unless the United States has been substituted as a
19 defendant under subsection (d) of 28 U.S.C. § 2679.

20         Subsection (d)(2) sets out the proper procedure for
21 substituting the United States as a defendant where, as here, the
22 plaintiff has initially filed in state court against an employee
23 of the federal government.  First, the Attorney General must
24 certify that the state court defendant was an employee of the
25 United States acting within the scope of his employment when the
26 claim arose.  See 28 U.S.C. §§ 2679(c),(d)(2).  Next, the action
27 "shall be removed" by the Attorney General to federal court.  Id.
28 §(d)(2).  Then, the action "shall be deemed a proceeding brought

1 against the United States," and the "United States shall be
2 substituted as a defendant." Id.

3        In this case, the state action was never removed to
4 federal court. Instead, the United States was substituted as the
5 defendant in state court, and plaintiffs voluntarily dismissed
6 the action. Because the case was never removed to federal court
7 as required by subsection (d), the United States was not
8 substituted as a defendant "under this subsection." Id.,
9 at(d)(5). Consequently, defendant cannot avail itself of a
10 defense under section 2679(d)(5).

11        Defendant contends that section 2679(d)(5) applies to
12 plaintiffs' claim because the procedure it followed in this case
13 achieved the same result contemplated by subsection (d), namely
14 the substitution of the United States as a defendant and the
15 dismissal of the action. The terms of subsection(d), however,
16 are unambiguous. Section 2679(d)(2) states that the case "shall
17 be removed" to federal court. Id. at (d)(2)(emphasis added). No
18 other procedure is provided for or contemplated. Moreover, the
19 Ninth Circuit has rejected arguments that functional equivalents
20 of the procedures set forth in the FTCA are sufficient to satisfy
21 the requirements of the FTCA. See Brady v. United States, 211
22 F.3d 499, 502-03 (9th Cir. 2000) (holding that filing a lawsuit
23 against the government does not satisfy the FTCA's presentation
24 requirement). The sixty day limitations period of section
25 2679(d)(5) therefore does not apply to plaintiffs' claim.

26        Rather, plaintiffs' claim against defendant must be
27 governed by the ordinary two year statute of limitations for
28 presenting an administrative claim, found in section 2401(b) of

9

1 | the FTCA.  See 28 U.S.C. § 2401(b)("A tort claim against the
2 | United States shall be forever barred unless it is presented in
3 | writing to the appropriate Federal agency within two years after
4 | such claim accrues . . . .").[3]  Although it is undisputed that
5 | plaintiffs did not file an administrative claim within two years
6 | of the accrual of their cause of action, defendant has waived its
7 | statute of limitations defense under section 2401(b) by failing
8 | to raise it in the answer.

9 |      It used to be well understood that the requirements of
10 | the FTCA are jurisdictional and cannot be altered for equitable
11 | reasons or waived.  See Richardson v. United States, 943 F.2d
12 | 1107, 1113 (9th Cir. 1991).  This principle was derived from the
13 | sensible proposition that the FTCA was a waiver of the
14 | government's sovereign immunity subject to certain limited
15 | conditions.  It had the additional advantage of being easy to
16 | follow.  Courts, apparently unhappy with the rigid statutory
17 | limits imposed on a plaintiff's ability to sue the government,
18 | have begun to characterize some requirements of the FCTA as "not
19 | strictly jurisdictional," including limitations periods for suing
20 | the government.  Cedars Sinai Med. Ctr. v. Shalala, 125 F.3d 765,

21 |

22 |     [3]     The court does not intend its opinion to necessarily
preclude a claim by a plaintiff who files an administrative claim
23 | sixty days after voluntarily dismissing her case from state
court, if she was informed by the government that this was an
24 | appropriate procedure to follow.  So long as the plaintiff
follows the procedure suggested by the government, principles of
25 | equitable tolling or equitable estoppel might allow her claim to
proceed, even if she presented her claim more than two years
26 | after it had accrued.  See Alvarez-Machain, 107 F.3d at 701
(holding that principles of equitable tolling apply to FTCA
27 | claims); Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir.
1981)(finding that equitable estoppel "may be appropriate when
28 | misleading conduct by the defendant has induced plaintiff to
delay filing a claim").

10

770 (9th Cir. 1997); <u>Alvarez-Machain v. United States</u>, 107 F.3d
696, 701 (9th Cir. 1997).  Thus, the Ninth Circuit has held that
a defense based on the FTCA's statutes of limitations can be
waived.  <u>Cedars Sinai</u>, 125 F.3d at 669 (9th Cir. 1997).

          The Federal Rules of Civil Procedure require the
defendant to plead affirmative defenses such as the statute of
limitations in the answer.  Fed. R. Civ. Proc. 12(b); 8(c).
Failure to do so constitutes a waiver of that defense.  <u>See</u>
<u>Simmons v. Christopher Justice</u>, 196 F.R.D. 296, 298 (2000).  The
only statute of limitations defense alleged in the answer to the
complaint was the sixty day period of section 2679(d)(5).
Because defendant did not plead the relevant two year statute of
limitations as an affirmative defense, it waived any defense it
may have had under section 2401(b).  Accordingly, plaintiffs'
lawsuit should not have been dismissed.[4]  Because plaintiffs
appear to have an otherwise meritorious claim, relief from
judgment is appropriate.

     C.  Conclusion

          At the hearing on this motion, counsel for defendant
argued that the court should not find in plaintiffs' favor based
on a technicality.  The government cannot be heard to complain
that the court's interpretation of section 2679(d)(5) is overly
technical when it regularly, and quite properly, insists that it
cannot be sued unless plaintiffs strictly comply with the FTCA's

---

          [4]     Because the court finds that defendant waived its only
valid statute of limitations defense, the court does not address
plaintiffs' arguments regarding <u>Kelley v. United States</u>, 568 F.2d
269 (2d Cir. 1978), equitable tolling and estoppel, Rule 60(b) as
applied to administrative requirements, and the government's
admissions in the answer.

11

filing and presentation requirements.  No better example of the government's rigid application of the law can be found than the present case, in which the government moved to dismiss after plaintiffs missed the proposed deadline by only nineteen days. To paraphrase Judge Halbert, the government ought to be held as strictly to procedural formalities as it requires its citizens to be.  See United States v. 364.82 Acres, 38 F.R.D. 411, 415 (N.D. Cal. 1965)("The Government ought to be as frank, fair and honest with its citizens as it requires its citizens to be with it.")

IT IS THEREFORE ORDERED that plaintiffs' motion for relief from judgment be, and the same hereby is, GRANTED.  The judgment heretofore entered is hereby vacated and set aside, and the matter is set for status conference on December 9, 2002 at 9:00 a.m. in courtroom 5.

DATED: October 29, 2002

WILLIAM B.  SHUBB
UNITED STATES DISTRICT JUDGE

12

United States District Court
for the
Eastern District of California
October 30, 2002


* * CERTIFICATE OF SERVICE * *


2:01-cv-00300


James

    v.

USA

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on October 30, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        James Benjamin Kamanski         SH/WBS
        Kamanski Streltzer LLP
        10940 Wilshire Boulevard         CF/JFM
        Suite 600
        Los Angeles, CA  90024

        Kristin Sudhoff Door
        United States Attorney
        501 I Street
        Suite 10-100
        Sacramento, CA  95814


                                  Jack L. Wagner, Clerk

                              BY: L Mena-Sanchez
                                  Deputy Clerk